UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EBONY-CHANTELLE TISBY, *pro se*,

    Plaintiff,

    v.

LAMELA, *et al.*,

    Defendant.

No. 1:23-cv-00800

MEMORANDUM ORDER

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court by way of *pro se* Plaintiff Ebony-Chantelle Tisby's complaint and request to proceed *in forma pauperis* (Compl., ECF No. 1). Plaintiff filed an Amended Complaint on February 16, 2023. (Am. Compl., ECF No. 3). Plaintiff has established her financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) considering her limited income. Plaintiff appears to assert violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 et seq., 42 U.S.C. § 1983, and 5 U.S.C. § 552, against "Enrique Lamela Esq. for Cohen and Lamela LLC, RPM Management II, LLC, Richard Wells (in his professional and private capacity), Joseph Orlando (in his professional and private capacity), and the State of New Jersey (Respondent Superior)." (Am. Compl., ECF No. 3 at 1).

    However, pursuant to § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint

when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff alleges that she owed a debt "asserted to be owed or due a creditor other than Defendant," and that Defendants were the debt collectors. (Am. Compl., ECF No. 3, ¶¶ 8, 13–14). She further alleges that in "connection with the collection of the alleged debt on November 9, 2022, . . . Lamela, via its agent, affiliate, and or employee of RPM Management II, LLC, unlawfully seized Plaintiff's private personal property by placing a plastic lock-cover on the door of [her] living space restricting and depriving Plaintiff access to . . . her private person and private personal property." (Am. Compl., ECF No. 3, ¶ 16). She further alleges that on February 9, 2023, "Lamela and Judge Richard Wells with ill intent showed up at Plaintiff's motion hearing alleging with no firsthand knowledge and applying for a second writ of possession without a trial and with allowance and signature from [Wells] while clothed in the State's authority." (Am. Compl., ECF No. 3, ¶ 17). Plaintiff alleges Lamela falsely represented

that she owed a debt but that her "alleged debt was actually for a consumer credit lease and not a loan." (Am. Compl., ECF No. 3, ¶ 18). Plaintiff alleges that she received written communications from Lamela regarding late payment of rent in the amount of $650.00 and lease violations. (Am. Compl., ECF No. 3, ¶¶ 19–21). Plaintiff alleges in "connection with the debt," Defendant brought a false claim to state court though they allegedly lacked standing because there "exists no landlord-tenant relationship." (Am. Compl., ECF No. 3, ¶¶ 22–24). She alleges that Defendant, the State of New Jersey, is liable for inadequate training of their agents and not providing adequate housing rights and disclosures, that Defendant, Superior Court Judge Richard Wells, abused the process and misused New Jersey eviction law, and that the Clerk of the Appellate Division of the New Jersey Superior Court, Joseph Orlando, "neglected, concealed and refused to enter documents into the appeal." (Am. Compl., ECF No. 3, ¶¶ 34–53).

Because of this, Plaintiff alleges Defendants violated her rights under the FDCPA, the NJCFA, 42 U.S.C. § 1983, and 5 U.S.C. § 552, and seeks both monetary damages and injunctive relief. On review of Plaintiff's Complaint, the Court dismisses the Complaint without prejudice for failure to state a claim.

As an initial matter, all claims against Superior Court Judge Wells are dismissed because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)). The two narrow exceptions to the rule are not applicable here—i.e., for non-judicial

3

actions or those taken, as noted, in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). As all allegations related to Superior Court Judge Wells are actions taken in his judicial capacity, all claims against him are dismissed. To the extent that Plaintiff seeks injunctive relief against Superior Court Judge Wells, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, which Plaintiff has not shown here.

Joseph Orlando, as Clerk of the Appellate Division, is also immune from suit. Indeed, "any public official acting pursuant to court directive is also immune from suit." *Willis v. O'Toole*, 804 F. App'x 116, 119 (3d Cir. 2020) (quoting *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)).

The State of New Jersey is also immune from suit as the Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought. *See MCI Telecomm. Corp. v. Bell Atl. Pennsylvania,* 271 F.3d 491, 503 (3d Cir. 2001); *see also Green v. New Jersey*, 625 F. App'x 73, 75 (3d Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)) ("Section 1983 does not abrogate states' immunity . . . and the State of New Jersey has not consented to suit in federal court.").

As all state actors have been dismissed, Count Three, which alleges a § 1983 action, is dismissed in its entirety. *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (explaining a § 1983 action cannot be brought against a private attorney, only state actors).

The only remaining Defendants are Lamela and RPM Management II, LLC. Here, not only does Plaintiff not specify which Defendant she is referring to in each Count of the Amended Complaint, but her allegations are difficult to follow. *See McDaniel v. N.J. State Parole Bd.*, No.

4

08-0978, 2008 WL 824283, at *2 (D.N.J. Mar. 26, 2008) (dismissing, without prejudice, a "rambling and sometimes illegible" 17-page, single-spaced complaint as not in compliance with Rule 8). In fact, there are no specific allegations regarding RPM Management II, and as such, all claims brought against this Defendant are dismissed. Finally, as to Lamela, the attorney who allegedly litigated the debt collection, any allegations possibly related to Lamela are entirely conclusory.

In Count One, which appears to assert a cause of action under the FDCPA, Plaintiff alleges Defendant[1] disclosed information regarding her alleged debt to third parties without receiving her consent first, that Defendant deprived Plaintiff of the right to be secure in her person and property, disclosed "private business" to the public, and attempted to collect an amount that was not permitted by law. However, without any additional factual information, the Court cannot determine what potential violation, if any, occurred based on these conclusory allegations. (Am. Compl., ECF No. 3, ¶¶ 55–58). In Count Two, Plaintiff alleges that Defendant infringed on her consumer rights as the NJCFA makes it "illegal to even attempt to offer a good, service, real estate, or rental using false or misleading language," without identifying what language was false or misleading. (Am. Compl., ECF No. 3, ¶¶ 60–61). Without any additional factual information, Plaintiff has simply failed to state a claim in Counts One and Two.

Finally, it is entirely unclear what Plaintiff's cause of action is under Count Four, which, while it is identified as a cause of action under the "Tucker Act," contains allegations related to New Jersey eviction and taxation law. As such, Count Four is also dismissed for failure to state a claim.

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is

---

[1] Again, Plaintiff does not specify which Defendant.

5

**GRANTED**, and the Amended Complaint, (ECF No. 3), is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

                                                */s/ Christine P. O'Hearn*
                                                CHRISTINE P. O'HEARN
                                                United States District Judge